# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD SANGO<br>Individually and on behalf<br>of all others similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>DLF LLC d/b/a THE SUSHI BAR<br><br>*Defendant* | § § § § § § § § § § § § | <br><br><br><br>Civil Action No. CIV-17-165-W<br><br><br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Richard Sango brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Putative Class Members") who worked for DLF LLC d/b/a The Sushi Bar (hereinafter "Defendant" or "Sushi Bar") at any time in the last three years and worked off the clock without pay, had time keeping techniques utilized against them that did not adequately compensate the employees for all hours worked, and were not paid overtime compensation for any hours worked over forty each week. Plaintiff and the Putative Class Members bring this collective action to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1.1 This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiff and the Putative Class Members are those persons who worked for Sushi Bar within the last three years and (a) worked off the clock without pay, (b) had time keeping techniques utilized against them that would not adequately compensate the employees for all hours worked, and (c) were not paid overtime compensation for all hours worked over forty each week.

1.3     Plaintiff and the Putative Class Members routinely work (and worked) in excess of 40 hours per workweek.

1.4     Plaintiff and the Putative Class Members were not paid overtime for any hours worked in excess of forty (40) hours per workweek.

1.5     The decision by Sushi Bar not to pay the proper amount of overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.6     Sushi Bar knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.7     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

1.8     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.9     Plaintiff Sango also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Richard Sango ("Sango") is an individual who resides in Oklahoma City, Oklahoma. Plaintiff Sango was employed by Sushi Bar within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Sango did not receive overtime compensation for any hours worked in excess of forty (40) hours per workweek.[1]

2.2     The Putative Class Members are those current and former employees who work (or have worked) for Sushi Bar in the past three years and have been subjected to the same illegal pay system under which Plaintiff Sango worked and was paid.

2.3     DLF LLC d/b/a The Sushi Bar is an Oklahoma limited liability company, having its principal place of business in Oklahoma County, Oklahoma, and may be served with process through its registered agent for service: Jameson Han, 1201 NW 178th Street, Suite 123, Edmond, Oklahoma 73012.

## III.
## JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq*.

---

[1] The written consent of Richard Sango is attached hereto as Exhibit "1."

3.2     This Court has personal jurisdiction over Defendant because the cause of action arose within this district as a result of Defendant's conduct within this district.

3.3     Venue is proper in the Western District of Oklahoma because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, Defendant owns and operates two restaurants—both called The Sushi Bar—in Oklahoma County, Oklahoma, both of which are located within this District.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

# IV.
# FLSA COVERAGE

4.1     At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     During the respective periods of Plaintiff and the Putative Class Members' employment by Defendant, these individuals provided services for Defendant that involved interstate commerce for purposes of the FLSA.

4.5     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiff and the Putative Class Members were engaged in performing managerial type job duties associated with working in the restaurant and service industry. 29 U.S.C. § 203(j).

4.7     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.8     The proposed class of similarly situated employees, i.e. putative class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former employees who worked for DLF LLC d/b/a The Sushi Bar, at any time during the last three years, and worked off the clock without pay, had time keeping techniques utilized against them that did not adequately compensate them for all hours worked, and/or were not paid overtime compensation.

4.9     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

# V.
# FACTS

5.1     The Sushi Bar is the name of two restaurants located in Oklahoma County, Oklahoma (one in Oklahoma City, Oklahoma and the other in Edmond, Oklahoma) and serving patrons throughout the State of Oklahoma and from around the United States.[2]

5.2     Plaintiff Sango and the Putative Class Members received a fixed hourly wage from Defendant.

5.3     Plaintiff Sango and the Putative Class Members worked (and continue to work) long hours. Specifically, these individuals regularly worked (and continue to work) more than ten (10) hours in a day, and more than fifty (50) hours in a week.

5.4     Even though Plaintiff and the Putative Class Members worked far in excess of forty (40) hours per week, Defendant did not (and still does not) pay them overtime for any hours worked in excess of forty (40) hours in a week.

5.5     Because Defendant did not pay Plaintiff and the Putative Class members any overtime compensation at all, Defendant's pay policies and practices blatantly violated (and continue to violate) the FLSA.

# VI.
# CAUSES OF ACTION

**A.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1     Defendant violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce

---

[2] http://thesushibarokc.com.

or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for any of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, Defendant knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation for all of the overtime hours they worked. 29 U.S.C. § 255(a).

6.3     Defendant knew or should have known its pay practices were in violation of the FLSA.

6.4     Defendant is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

6.5     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendant to pay them according to the law.

6.6     The decision and practice by Defendant not to pay overtime for any of Plaintiff and the Putative Class Members' overtime hours worked was neither reasonable nor in good faith.

6.7     Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## B. COLLECTIVE ACTION ALLEGATIONS

6.8 Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all current and former employees of Defendant who are (or were) similarly situated to Plaintiff Sango with regard to the work they have performed and the manner in which they have been underpaid.

6.9 Other similarly situated employees of Defendant's have been victimized by Defendant's patterns, practices and policies, which are in willful violation of the FLSA.

6.10 The Putative Class Members are "all current and former employees who worked for DLF LLC d/b/a The Sushi Bar, at any time during the last three years, and worked off the clock without pay, had time keeping techniques utilized against them that did not adequately compensate them for all hours worked, and were not paid overtime compensation.

6.11 Defendant's failure to properly pay overtime wages results from generally applicable policies and practices of Defendant, and does not depend on the personal circumstances of the Plaintiff and Putative Class Members.

6.12 Thus, Plaintiff Sango's experiences are typical of the experiences of the Putative Class Members.

6.13 The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14 All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15 Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.16 Accordingly, the class of similarly situated plaintiffs is defined as:

**ALL CURRENT AND FORMER EMPLOYEES WHO WORKED FOR DLF LLC D/B/A THE SUSHI BAR, AT ANY TIME DURING THE LAST THREE YEARS, AND WORKED OFF THE CLOCK WITHOUT PAY, HAD TIME KEEPING TECHNIQUES UTILIZED AGAINST THEM THAT DID NOT ADEQUATELY COMPENSATE THEM FOR ALL HOURS WORKED, AND WERE NOT PAID OVERTIME COMPENSATION.**

## VII.
## RELIEF SOUGHT

7.1 Plaintiff respectfully prays for judgment against Defendant as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

    d. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and

for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

  e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

  f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

  g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

  h. For an Order awarding Plaintiff a service award as permitted by law;

  i. For an Order compelling the accounting of the books and records of Defendant; and

  j. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Noble K. McIntyre*
**Noble K. McIntyre**
Oklahoma Bar No. 16359
noble@mcintyrelaw.com
**MCINTYRE LAW PC**
8601 S. Western Avenue
Oklahoma City, Oklahoma 73139
Telephone: (405) 917-5250
Facsimile: (405) 917-5405

**Clif Alexander** *(Pro Hac Vice Forthcoming)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** *(Pro Hac Vice Forthcoming)*
Texas Bar No. 24045189
austin@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**