IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

RICHARD SANGO, Individually and on )
behalf of all others similarly situated, )
                                             )
               Plaintiff, )
                                             )
vs.                                           )              No. CIV-17-165-W
                                             )
DLF LLC d/b/a THE SUSHI BAR and )
HSLS, LLC d/b/a THE SUSHI BAR, )
                                             )
               Defendants. )

**ORDER**

This matter comes before the Court on the Joint Motion to Approve FLSA Settlement filed by plaintiff Richard Sango, individually, and defendants DLF LLC d/b/a The Sushi Bar ("DLF") and HSLS, LLC d/b/a The Sushi Bar ("HSLS"). The Court has reviewed the parties' papers and FINDS as follows:

(1) Sango commenced this action on February 16, 2017, see Doc. 1, and in his first amended collective action complaint ("amended complaint") filed on October 11, 2017, see Doc. 32, he named as defendants two entities, which he alleged to be "joint employers[,]" id. at 3, ¶ 2.5: DLF and HSLS. Sango asserted that these entities "own[ ] and operate[ ] two restaurants—both called The Sushi Bar—in Oklahoma County, Oklahoma," id. ¶ 3.4, and that while employed by these entities, he "perform[ed] job duties associated with working in the restaurant and service industry[,]" id. at 4, ¶ 4.6, for which he "received an hourly wage[.]" Id. at 5, ¶ 5.2. Sango further contended that although he "regularly worked . . . more than ten (10) hours in a day, and more than fifty (50) hours in a week[,]" id. ¶ 5.3, DLF and HSLS "did not . . . pay [him] . . . overtime for any hours

worked in excess of forty (40) hours in a week." Id. ¶ 5.4.  Sango complained in particular that the defendants required him to "work[ ] off the clock without pay," id. at 7, ¶ 6.10, and implemented "time keeping techniques . . . that did not adequately compensate [him] . . . for all hours worked[.]" Id.

(2) Sango sought relief under the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., on behalf of himself and, as originally proposed in the amended complaint,

> [a]ll employees who worked for DLF . . . and/or HSLS . . . at any time during the last three years, and worked off the clock without pay, had time keeping techniques utilized against them that did not adequately compensate them for all hours worked, and were not paid overtime compensation.

Doc. 32 at 8, ¶ 6.16 (boldface type deleted).  Sango thereafter twice amended the definition of the putative class.  See Doc. 40 at 5; Doc. 43 at 2.

On January 19, 2018, the Court granted Sango's Opposed Motion [for] Conditional Certification filed pursuant to section 216(b), see Doc. 44, but modified the class definition to read:

> [a]ll current and former hourly employees of DLF . . . and/or HSLS . . . , who were employed as assistant managers at any time from three (3) years from the date of mailing of the Notice of Collective Action Lawsuit and who were not paid overtime for all hours worked over forty (40) in a workweek.

Id. at 10.

(3) On February 5, 2018, the Court granted in part the parties' Joint Motion to Approve the Agreed Notice/Consent Form and Notice Schedule.  See Doc. 48.  Although notice of this action was sent to putative class members, no one joined the lawsuit.  No interest of any "opt-in" plaintiff, except Sango, is therefore at issue.[1]

---

[1] The FLSA requires a potential collective action claimant to "give[ ] his [or her] consent in writing to become . . . a party[,]" 29 U.S.C. § 216(b), to an action seeking relief under the FLSA. See id. ("[n]o employee shall be a party plaintiff . . . unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought").

2

(4) The Court's approval of the parties' settlement agreement is necessary[2] to effectuate the purpose of the statute: "to protect certain groups of the population from substandard wages and excessive hours . . . due to the unequal bargaining power as between employer and employee[.]" Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 706 (1945)(footnote omitted).[3]

(5) The settlement of Sango's individual wage claim, as reflected in the Confidential Settlement and Release Agreement ("Settlement Agreement"), see Docs. 53, 55, includes the total amount of overtime allegedly owed to him and an equal amount in liquidated damages. The Settlement Agreement was negotiated at arms-length with the assistance of counsel and, as it pertains to him individually, is a fair, equitable and reasonable resolution of a bona fide dispute between the parties.

(6) The FLSA permits a prevailing plaintiff to recover "a reasonable attorney's fee . . . and costs of the action." 29 U.S.C. § 216(b); e.g., Gray v. Phillips Petroleum Co., 971 F.2d 591, 593 (10th Cir. 1992). Though the fee is mandatory, the Court has discretion to determine the reasonableness of the amount requested.[4]

---

Sango executed his "Consent to Join Wage Claim" on February 15, 2017, and filed it of record on February 16, 2017. See Doc. 1-1.

[2]The issue of whether court approval of an FLSA settlement is necessary when only one employee is involved is unsettled in this circuit. See Teague v. Acxiom Corporation, 2018 WL 3772865 (D. Colo. August 9, 2018). However, because the parties have sought judicial approval of their settlement agreement, the Court has examined the record to determine whether the settlement is fair and equitable and whether the attorneys for Sango are seeking a reasonable award of legal and paralegal fees and costs.

[3]See Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 2162 (2012)("Congress enacted the FLSA in 1938 with the goal of 'protect[ing] all covered workers from substandard wages and oppressive working hours.'")(quotation and further citation omitted)).

[4]In the Settlement Agreement, the defendants agreed to pay Sango's counsel a certain sum "pending court approval of the same." Doc. 53 at 6.

In support of their request for an award of fees, counsel for Sango have urged the Court to apply a hybrid approach, which requires the Court to calculate a lodestar amount (number of hours expended multiplied by the attorneys' hourly rates) <u>and</u> to consider the twelve factors set forth in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974).[5] In using this approach in this case, the Court agrees that Sango's counsel should recover legal and paralegal fees;[6] the Court finds, however, after careful review of the record,[7] that the amount of fees requested is not sufficiently documented and should therefore be reduced accordingly.[8]

---

[5] Those factors are "'the time and labor required, the novelty and difficulty of the question presented by the case, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorneys due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, any time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases.'" <u>Rosenbaum v. MacAllister</u>, 64 F.3d 1439, 1445 n.3 (10th Cir. 1995)(quotation omitted). As case law teaches, "'rarely are all of the[se] . . . factors applicable[.]'" <u>Uselton v. Commercial Lovelace Motor Freight, Inc.</u>, 9 F.3d 849, 854 (10th Cir. 1993)(quotation omitted).

[6] Attorney Lauren Braddy has also sought approximately $2,000.00 in expenses, which include "filing and service fees, and non-refundable travel expenses . . . to attend a mediation in Oklahoma City, and [those] expenses relating to sending notice to members of the putative class." Doc. 52 at 9. While reasonable litigation costs may be included in an award, Braddy has not provided any documentation in support of her request; the Court therefore finds it cannot discharge its duty under the FLSA absent the same.

[7] While Sango has recognized that "the fee petitioner must 'submit evidence supporting the hours worked . . . [,]'" Doc. 52 at 7 (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)), he has only summarized the forty-six (46) hours claimed: during the time this case has been pending, counsel have "sought and obtained conditional certification, served multiple sets of discovery . . . and reviewed the[ ] responses [thereto], created a damage model based on . . . [Sango's] pay records . . . to quantify the amount of overtime . . . owed, and prepared to attend[ ] mediation in Oklahoma City[, although such mediation did not occur]." Doc. 52 at 9. Case law permits the Court to reduce the number of hours if the attorneys have failed to provide sufficient documentation. E.g., <u>Case v. Unified School District No. 233</u>, 157 F.3d 1243, 1250 (10th Cir. 1998). Because no time records have been provided, the Court has reviewed the docket in this case and reduced the number of hours accordingly.

[8] Sango's counsel have litigated similar matters in this judicial district; their hourly rates, however, differ from the hourly rates sought in this case. <u>Compare</u> Doc. 52 at 9 (asserting an

Based on the foregoing findings, the Court

(1) hereby APPROVES the parties' Settlement Agreement to the extent it pertains to Sango's individual wage claim under the FLSA and to payment to Sango of the amount so agreed;

(2) AWARDS attorney fees in the amount of $13,625.00 to be paid by the defendants in the manner outlined in the Settlement Agreement;

(3) ORDERS the parties to comply with all procedures and make all payments in accordance with this Order and the parties' Settlement Agreement;

(4) FINDS that this Court shall retain jurisdiction over the parties and their Settlement Agreement to enforce that agreement should any controversy arise about the terms of the settlement or any party's performance of its obligations under the agreement; and

(5) because no matters remain pending, DISMISSES with prejudice all claims and causes of action asserted in this case by Sango under the FLSA.

DATED and ENTERED this 31st day of August, 2018.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

hourly rate of $450.00 for attorney Clif Alexander and an hourly rate of $400.00 for attorney Braddy) with Case No. CIV-15-1198-R, Doc. 42-1 (wherein Alexander attested that his "regular hourly billing rate is $400.00 an hour"); Case No. CIV-17-1130-D, Doc. 10-1 (wherein Alexander attested that his "regular billing rate is $400.00 an hour"); id. Doc. 10-2 (wherein Braddy attested that her "regular hourly billing rate is $350.00 an hour"). In the absence of any explanation why a higher hourly rate is warranted in this case, which involves but one plaintiff, the Court has reduced the hourly rates sought by attorneys Alexander and Braddy.